IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ANTONIO RODREGIS DUFF,   *
#186 551
    Plaintiff,   *

    v.   *   2:09-CV-878-CSC
                                                (WO)
OFFICER A. TOWNSEND, *et al*.,   *

    Defendants.   *
_____

**MEMORANDUM OPINION**

Plaintiff, an inmate proceeding *pro se,* brings this damages action under 42 U.S.C. § 1983. Plaintiff complains that Defendants Althea Townsend and Nurse Nettie Burks violated his constitutional rights by confiscating documents necessary to a pending civil suit and failed to return this legal material.

In accordance with the orders of the court, Defendants filed answers, special reports, and supporting evidentiary material in response to the allegations contained in the complaint. (*Doc. Nos. 9, 10, 12, 13*.) The court then informed Plaintiff that Defendants' special reports may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. Plaintiff filed a response to the special reports filed by Defendants. (*Doc. No. 17*.) This case is now pending on Defendants' motions for summary judgment. Upon consideration of the motions, the evidentiary materials filed in support thereof, and Plaintiff's opposition to these motions,

the court concludes that Defendants' motions for summary judgment are due to be granted.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

---

[1]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word – genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary judgment." *Id*. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

Defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.") A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted). Consequently, to survive Defendants' properly supported motions for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not

significantly probative ... summary judgment may be granted." *Id*. at 249-250.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990).  Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require

submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of

material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact.  *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.  In this case, Plaintiff fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment.  *Matsushita*, 475 U.S. at 587.

## II.  DISCUSSION

Plaintiff alleges that on September 10, 2009 Defendant Townsend confiscated legal material relevant to a civil suit he was litigating. Defendant Townsend took the material from Plaintiff when he refused to explain to her the relevance of the documents. The legal material was subsequently turned over to Nurse Burks.  Even though Plaintiff did inform Defendant Burks of the nature of the documents taken by Defendant Townsend, he complains that neither Defendant returned his legal material to him. Plaintiff claims that Defendants' conduct violated his due process rights.  The court further understands Plaintiff to complain that Defendants' actions unconstitutionally denied him access to the courts. (*Doc. No. 1*.)

*A. Access to Courts*

Defendant Townsend observed Plaintiff carrying what appeared to her to be blank body charts. She confiscated the body charts and determined that they were not blank but were body charts of other inmates. The officer directed Plaintiff to provide anything that demonstrated he had the right to possess the body charts. Plaintiff failed to do so and Defendant Townsend gave the body charts to Nurse Burks who found the documents illegible. Plaintiff subsequently asked Defendant Burks to return the body charts to him. Because the body charts had been taken from Plaintiff by a correctional officer Nurse Burks was not in a position to return the material to Plaintiff. Nurse Burks, however, returned the documents to Defendant Townsend. Defendant Townsend states that she then returned the documents to Plaintiff. (*Doc No. 10, Burks Affidavit, Doc. No. 13, Exh. A*.)

The law is well settled that prison inmates are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court clarified and limited the right to assistance created in *Bounds*. Specifically, the Court mandated that "an inmate alleging a violation of *Bounds* must show actual injury" arising directly from the alleged inadequacies in the law library, legal assistance program or correctional policy. *Lewis*, 518 U.S. at 349. In identifying the specific right protected by *Bounds*, the Court explained that "*Bounds* established no ... right [to a law library or to legal assistance]. The right that *Bounds* acknowledged was the (already well-established) right of ***access to the courts*** . . . [P]rison law libraries and legal assistance programs are not ends in

themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.' " *Id*. at 350-351 (emphasis in original) (citations omitted).  The Court further determined *Bounds* did not require "that the State . . . enable the prisoner to ***discover grievances***, and to ***litigate effectively*** once in court . . . To demand the conferral of such sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is [not something] . . . the Constitution requires." *Id*. at 354 (emphasis in original).

The Court likewise rejected the argument that the mere claim of a systemic defect, without a showing of actual injury, presented a claim sufficient to confer standing.  *Lewis*, 518 U.S. at 349.  Moreover, *Lewis* emphasizes that a *Bounds* violation is related to the lack of an inmate's capability to present claims.  *Id*. at 356.  "*Bounds*, which as we have said guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.  When any inmate . . . shows that an actionable claim of this nature which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided, he demonstrates" the requisite actual injury.  *Id*.   Finally, the Court discerned that the injury requirement is satisfied only when an inmate has been denied "a reasonably adequate opportunity to file nonfrivolous legal claims challenging [his] convictions or conditions of confinement . . . [I]t is that capability, rather than the capability of turning pages in a law library, that is the touchstone." *Id*. at 356-357.  "[T]he Constitution does not require that prisoners . . . be able

to conduct generalized research, but only that they be able to present their grievances to the courts - a more limited capability that can be produced by a much more limited degree of legal assistance." *Id*. at 360. The Court admonished that federal courts should allow prison officials to determine the best method of ensuring that inmates are provided a reasonably adequate opportunity to present their nonfrivolous claims of constitutional violations to the courts. *Id*. at 356. A federal district court must "'scrupulously respect[] the limits on [its] role,' by 'not . . . thrust[ing] itself into prison administration' and instead permitting '[p]rison administrators [to] exercis[e] wide discretion within the bounds of constitutional requirements.' [*Bounds*, 430] U.S. at 832-833, 97 S.Ct. at 1500." *Id*. at 363.

An inmate's allegation that prison officials confiscated and/or destroyed legal materials states a cognizable cause of action for violation of the right of access to the courts. *See Bass v. Singletary*, 143 F.2d 1442, 1445-46 (11th Cir. 1998). A violation of the First Amendment right of access to the courts, however, is only established where a litigant shows that he was actually injured by the alleged denial of access. As noted, the actual injury requirement is a constitutional prerequisite to suit. *Lewis,* 518 U.S. at 351.

Plaintiff disputes that Defendant Townsend returned his legal material to him and argues that because Defendant Burks had the legal documents in her possession at the time he asked her to give them back to him, her failure to do so violated his constitutional rights. (*Doc. No. 17*.)   Plaintiff has not, however, presented evidence, or even alleged, that Defendants' actions caused him the type of actual injury contemplated in *Lewis*, *supra*, so as to establish a constitutional violation as a result of their confiscation of his legal material.

*Bass*, 143 F.2d at 1446. He has utterly and completely failed to come forward with any probative evidence that the seizure of his legal property deprived him of the *capability* of pursing non-frivolous legal claims before federal or state courts. *Lewis*, 518 U.S. at 352-57. Plaintiff, therefore, has failed to establish the requisite injury. *Id*. Accordingly, Defendants are entitled to summary judgment on Plaintiff's access to courts claim. *Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991).

B.  *Due Process*

Plaintiff complain that Defendants' allegedly improper confiscation of his property violated his right to due process. Insofar as Plaintiff's complaint about the allegedly improper confiscation of his legal material is concerned, the court finds that he is not entitled to relief.

> "If the [Plaintiff's legal property] was not returned because of [Defendants'] negligence, there has been no unconstitutional deprivation of property. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (negligent loss of property does not rise to the level of a constitutional violation.)  If [Defendants] intentionally refused to return the [property], plaintiff has not alleged a constitutional violation. In *Hudson v. Palmer* the Court ruled that an 'unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Due Process Clause . . . if a meaningful post-deprivation remedy for the loss is available.' 104 S.Ct. at 3202, 82 L.Ed.2d at 407. It is essential to [the instant] complaint that it allege that [Defendants] acted without authorization. If [Defendants] w[ere] acting pursuant to authorization, [their] actions would be within the outer perimeter of [their] duties and would not have violated any clearly established constitutional right and therefore [they] would be immune from suit. *See Scheuer v. Rhodes,* 416 U.S. 232, 247-48, 94 S.Ct. 1683, 1691-92, 40 L.Ed.2d 90 (1974); *Flinn v. Gordon,* 775 F.2d 1551, 1553 (11th Cir.1985). Only if the complaint is construed as alleging that [Defendants] w[ere] acting in bad faith outside the scope of [their] duties can it evade the doctrine of official immunity.

*Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986). *See also Holloway v. Walker*, 790 F.2d 1170, 1173-74 (5th Cir. 1986) (finding no breach of federally guaranteed constitutional rights, even where a high level state employee intentionally engages in tortuous conduct, as long as the state system as a whole provides due process of law); *Myers v. Klevenhagen*, 97 F.3d 91, 94-95 (5th Cir. 1996) ("the *Parratt* [*v. Taylor*, 451 U.S. 527 (1981)]/*Hudson* [*v. Palmer*, 468 U.S. 517 (1984)] doctrine protects the state from liability for failing to provide a pre-deprivation process in situations where it cannot anticipate the random and unauthorized actions of its officers." The complainant bears the burden of establishing that the state's post-deprivation remedy is inadequate).

The State of Alabama, through its Board of Adjustment, provides a meaningful post-deprivation remedy for Plaintiff to seek redress for the loss of his property. *Ala. Code* § 41-9-60 *et seq*. (1982). In light of this adequate state remedy, Plaintiff's allegation that Defendants violated his due process rights by improperly confiscating and retaining his personal legal property, whether such was the result of negligence or an intentional act, fails to state a claim upon which relief can be granted. Defendants are, therefore, entitled to summary judgment on Plaintiff's due process claim.

*C.  28 U.S.C. § 1915(g)*

Defendants make the alternative argument that Plaintiff's complaint is subject to dismissal under the provisions of 28 U.S.C. § 1915(g). They contend that under the provisions of 28 U.S.C. § 1915 a prisoner may only file three meritless suits while proceeding *in forma pauperis* after which the inmate must pay the full filing fee at the time

he initiates any further lawsuits. Defendants reference three cases previously filed by Plaintiff which they appear to argue qualify as "strikes" for purposes of 28 U.S.C. § 1915(g).[2] (*Doc. Nos. 10, 13.*)

Pursuant to the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Not all unsuccessful cases filed by prisoners qualify as strikes under 28 U.S.C. § 1915(g). Upon careful review of Plaintiff's previous cases identified by Defendants which they claim disqualify him from proceeding *in forma pauperis* in not only this case but any future cases, the court finds that those cases do not qualify as strikes for purposes of applying the bar of § 1915(g). *See e.g., Morefield v. Brewton*, 2008 WL 5209984 at *2 (S.D. Ga. Dec. 11, 2008) (not reported in F. Supp.2d) (denying a motion to dismiss based on three strikes, distinguishing *Allen v. Clark*, 266 Fed.Appx. 815 (11th Cir. 2008), and finding the dismissal of an appeal for want of prosecution due to failure to pay a filing fee did not constitute a strike). The court, therefore, declines the alternative argument to dismiss the instant complaint under 28 U.S.C. § 1915(g).

---

[2] The cases identified by Defendants which they claim qualify as "strikes" under 28 U.S.C. § 1915(g) include *Duff v. Prison Health Services, Inc.*, 2:05-CV-627-MEF (M.D. Ala. 2007), *Duff v. Prison Health Services, Inc.*, 2:05-CV-2048-LSC (N.D. Ala. 2005), and *Duff v. Jones, et al.*, 2:06-CV451-RDP (N.D. Ala.2006). Defendants cite a fourth case but note that at the time of filing their dispositive motion said case was still pending. *Available at https://pcl.uscourts.gov.*

### III.  CONCLUSION

In light of the foregoing, it is ORDERED that:

1.  Defendants' motions for summary judgment (*Doc. Nos. 10, 13*) are GRANTED;

2.  Judgment is ENTERED in favor of Defendants and against Plaintiff; and

3.  Costs are TAXED against Plaintiff for which execution may issue.

A separate Order follows

Done this 11th day of July, 2011.


                                            /s/Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE